IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:20-cr-00081-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANTHONY JOSEPH FRITZINGER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the Defendant's Motion for Judgment of Acquittal [DE 154] and the United States' response in opposition. Defendant contends that the government did not present sufficient reliable evidence at trial to establish beyond a reasonable doubt that he was the person who committed the offenses alleged. The court disagrees and denies the motion.

"A defendant may move for a judgment of acquittal … within fourteen days after a guilty verdict …." Fed. R. Crim. P. 29(c)(1). Once a jury returns a guilty verdict, "the court may set aside the verdict and enter an acquittal" if the court concludes that the evidence presented at trial is insufficient to sustain a conviction. *United States of Am. v. Freitekh*, 114 F.4th 292, 308 (4th Cir. 2024) (quoting Fed. R. Crim. P. 29(c)(2)).

When considering a motion under Rule 29, "a trial judge, in passing upon a motion for a directed verdict of acquittal, must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *United States v. Hall*, 396 F.2d 841, 844 (4th Cir. 1968) (citation omitted). A jury's verdict must be sustained "if,

when the evidence is viewed in the light most favorable to the Government, 'the conviction is supported by substantial evidence.'" *United States v. Lunsford*, 629 F. App'x 518, 519 (4th Cir. 2015) (quoting *United States v. Hickman*, 626 F.3d 756, 762–63 (4th Cir. 2010)). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *Freitekh*, 114 F.4th at 308 (quoting *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997)). "Thus, a defendant who challenges the sufficiency of the evidence 'bears a heavy burden.'" *Id.*

Here, Defendant timely filed his Rule 29 motion. He asserts that

> [d]uring trial, the government relied exclusively on digital forensics to commit Mr. Fritzinger as the perpetrator. The government has failed to prove beyond a reasonable doubt, that Mr. Fritzinger was in possession of and actively using the electronic device that was used to commit the alleged offenses. The government has neglected to overcome, or even address, Mr. Fritzinger's defense—that he was not in possession of the electronic device that was used to commit these crimes.

Mot., DE 154 at 2. Defendant is simply incorrect about the type and scope of evidence proffered at trial.

As described by the United States in its response brief,[1] the evidence presented to the jury included not only two in-court identifications from witnesses who knew Defendant and were victims of his crimes, but also identifications of the Defendant by other victim witnesses from photographs, including "selfies" taken by Defendant, that were found on his cell phone and laptop, each of which were physically seized from Defendant's person and the bed in Defendant's barracks room, respectively. Many of the victims knew Defendant by his legal name (in addition to his user names) and knew that he was a United States Marine. Moreover, texts and screenshots depicting sexual activity by the victims were found on his cell phone and in his "Dropbox." A picture of his

---

[1] The court finds that the United States' factual descriptions of the evidence presented at trial, as detailed in DE 157 and excerpted here, are accurate and adopts them as its own.

2

work computer and government identification were saved in the Dropbox. Defendant's selfies matched across devices and social media accounts.

To demonstrate the viability of his defense (in essence, that his identity was stolen), Defendant would have to establish that someone (1) had access to both his cell phone and his computer, (2) had the ability to access his social media accounts and Dropbox, (3) utilized his social media to communicate with the victims; and (4) loaded the images and related data onto Defendant's devices. However, Sgt. Zachary Messenger, Defendant's roommate from June 2019 to October 2019, testified without rebuttal that he did not use Defendant's electronic devices and that, when they were both present in their room, he observed Defendant primarily laying on his bed on his computer with his headphones on. Further, Sgt. James Criss, who in April 2020 was a corporal and was on barracks duty, testified that Defendant approached him one day and asked to use Criss' cell phone to call his lawyer. At the time, Defendant was under investigation and his cell phone had been seized. Criss testified that Defendant typed on the cell phone for about fifteen-to-twenty minutes and never made a call. After Defendant left, Criss checked his cell phone and found screenshots of activity on MyLOL.com, a website described as "Tinder for teens," which Defendant had previously used to contact several of his victims.

In sum, Defendant has failed to meet his "heavy burden" under Rule 29. Sufficient evidence was presented at trial for a reasonable fact finder to conclude beyond a reasonable doubt that the United States established the Defendant's identity. Accordingly, Defendant's motion [DE 154] is DENIED.

SO ORDERED this 7th day of October, 2024.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE